UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

SAMUEL RICHARD WATZKA,

      Plaintiff,

      v.                                                  Case No. 25-C-56

DR. JUSTIN S. RIBAULT, et al.,

      Defendants.

---

**DECISION AND ORDER**

---

      Plaintiff Samuel Watzka, who is currently representing himself, filed this 42 U.S.C. § 1983 action against Defendants Dr. Justin Ribault and Edward Neisner, alleging that Defendants were deliberately indifferent to his serious medical needs when they failed to provide proper medical care for his knee injury between July 2022 and January 2023. On June 27, 2025, Defendants filed a motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies prior to bringing this lawsuit. Dkt. No. 15. On June 30, 2025, the Court notified Plaintiff that, under Civil Local Rule 56(b)(2), his response materials were due on July 28, 2025. Dkt. No. 19. The Court also warned Plaintiff that, under Civil Local Rule 7(d), failure to respond to the motion or to ask for additional time to respond would be sufficient cause for the Court to grant the motion as a sanction for noncompliance. *Id*. On Plaintiff's requests, the Court extended the deadline to respond to September 29, 2025. Dkt. Nos. 24-27. The deadline to respond to Defendants' motion has passed, and Plaintiff did not oppose the motion.

      The Court has reviewed Defendants' motion, brief in support, and the undisputed facts, *see* Fed. R. Civ. P. 56(e)(2), and it concludes that they are entitled to summary judgment. *See* Fed. R.

Civ. P. 56(e)(3). Based on the proposed findings of fact submitted by Defendants and deemed true by the Court, Plaintiff failed to exhaust his administrative remedies. Although Plaintiff filed two inmate complaints related to the allegations in this lawsuit, both of his inmate complaints were returned or rejected on procedural grounds, and he never submitted corrected inmate complaints for resolution on the merits. Dkt. Nos. 16-17. The Seventh Circuit has long held that an inmate complaint that is returned or rejected on procedural grounds does not satisfy the exhaustion requirement. *See Conyers v. Abitz*, 416 F.3d 580, 584 (7th Cir. 2005). Indeed, proper exhaustion requires resolution of the inmate complaint on the merits. *Id*. Because Plaintiff's two inmate complaints were never resolved on the merits, Defendants are entitled to summary judgment based on Plaintiff's failure to exhaust administrative remedies. Additionally, the Court finds that Plaintiff's failure to respond to Defendants' motion is sufficient cause for the Court to grant the motion as a sanction for noncompliance. *See* Civ. L. R. 7(d).

**IT IS THEREFORE ORDERED** that Defendants' motion for summary judgment based on Plaintiff's failure to exhaust administrative remedies (Dkt. No. 15) is **GRANTED** and this case is **DISMISSED without prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Green Bay, Wisconsin this 14th day of October, 2025.

_____
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this Court's decision to the Court of Appeals for the Seventh Circuit by filing in this Court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This Court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this Court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. §1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this Court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The Court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.